Ruffin, J. C.
 

 The Court thinks the law war not correctly laid down to the jury. It is certainly most proper and generally best answers the purposes of justice, that the verdict should specially state the interest of the lessors of the plaintiff, when these are several, or when only' some of the tenants in common bring the suit. But as the party may not be prepared always to show his particular share, and the defendant is guilty, if he hath ejected the plaintiff from any part of the land, to which he was entitled under the lease, it has become a practice to render the verdict in a general form, even when the whole of the premises is demanded. The reason is, that the Court deems the action fictitious to many purposes, and therefore keeps it under its control, and will, in a summary way, correct any abuses committed under color of such general demise and verdict. Hence it has been commonly said in such cases, that the lessors
 
 *224
 
 of the plaintiff take possession at their peril. Upon that ground it was, that the judgment was affirmed in the suit between these parties, as was then stated ; and in so holding, the Court only followed previous cases. In
 
 Cottingham
 
 v.
 
 King,
 
 1 Bur. 629, Lord Mansfield mentioned, that in the fictitious action of ejectment, the plaintiff is to show the sheriff ana to take possession, at his peril, of only what he has title to ; and if he take more than he recovered or showed title to, the Court will in a summary way set it right. He said the same in substance in
 
 Connor
 
 v.
 
 West,
 
 5 Bur 2674; and in
 
 Roe
 
 v.
 
 Dawson, 3
 
 Wils. 49, the defendant was restored to certain shares, to which the lessors of the plaintiff had not entitled themselves. There can be no doubt, then, if the sheriff in this case turned out the defendant from the premises altogether, and put two lessors of the plaintiff into possession of more than their shares, that he did wrong, and the Court upon application would order restitution ; for the recovery of one tenant in common is not a recovery for all of them, and does not entitle him to take possession for all. That is clear from the fact, that one tenant in common may recover from another in this general form and may then biing his action for
 
 mesne
 
 profits.
 
 Cutting v. Derby,
 
 2 Wm. Bl. 1077. Indeed, one of the tenants in common may be barred of his entry by the statute of limitations and the other not, because as here, she was a
 
 feme covert.
 
 A person thus entitled to but a share is let in according to his title. How the fact, in this case is, does not distinctly appear. If the parties only entered according to their title, they certainly cannot recover in respect of the shares of which the defendant remains in actual possession. But we rather understand the case to be, that the defendant was put out altogether. Even in that case, however, we hold that no more than the shares of the parties, who brought the former and present actions, can be recovered ; for properly they are in
 
 *225
 
 only of their own shares, and the possession of the other undivided parts is, by legal intendment, either in the other heirs of King or the present defendant. If in the latter, then plainly the action will not lie in respect to those parts ; and if in the former, they may still sue for their shares of the profits and the defendant could not plead in abatement to their suit, after having omitted to do so in the present. Taking the case, then, any way, the recovery ought to be for only the proportion of the profits, which belong to these parties as some of the owners. The manner of bringing the action in the name of Hold•
 
 fast
 
 can make no difference ; for he can have no better right than his lessors had.
 

 There was also a question made upon the statute of limitations ; but the facts appear so imperfectly in the transcript sent here, as not to be entirely understood; and therefore nothing can be said on it.
 

 Per Curiam. Judgment reversed and
 
 venire de novo,