The action is brought by Camp and four others, and is trespass for the mesne profits of a tract of land, recovered in ejectment upon the several demises of the present plaintiffs. Upon the trial on the general issue, it appeared that the plaintiffs and the defendant were tenants in common of the (212) premises. The counsel for the defendant thereon insisted that the plaintiffs should not recover, because a tenant in common cannot have trespass against his companion; and, if that be not so, because the several lessors of the plaintiff in the ejectment cannot join in this action. The court gave instructions to the contrary, and the plaintiff had a verdict and judgment, and the defendant appealed.
The directions were right on both points. As the action for mesne profits is substantially a continuation *Page 160 
of the ejectment, for the purpose of recovering the actual damages which were formerly nominally assessed, it follows that whenever a person is allowed to maintain ejectment, he may have trespass against the same party, by way of completing his remedy. Hence, it is settled that, after a recovery in ejectment and entry, a tenant in common may sue his companion, who ousted him, for the mesne profits. Catting v. Darby, 2 Wm. Bl., 1077;Goodtitle v. Tombs, 3 Wil., 118; Holdfast v. Shepard, 31 N.C. 222. Then, as to the other point, although it be true that tenants in common may, in general, sue separately for trespasses on real estate, yet it is established that they may also join in such action, in respect to the injury being to their joint possession. Chamier v. Clingo, 5 M. and S., andChamier v. Slingow, 2 Chit., 410, are direct decisions to that point; and there seems to be no reason why the case of two or more tenants in common, thus suing their fellow, after recovering in ejectment, should not fall under the common rule.
PER CURIAM. Judgment affirmed.
Cited: Overcash v. Kitchie, 89 N.C. 392.
(213)